*R. A. Riley, N. B. Taylor* and *J. Coburn,* for the state.

*Nov. Term, 1853.*

SUMPTER
v.
THE STATE.

*Saturday, December* 31.

---

SUMPTER *v.* THE STATE.

*Jennings* county is one in which by the act of *January* 16, 1849, exclusive original jurisdiction, in cases of assault and battery, is vested in justices of the peace.

ERROR to the *Jennings* Circuit Court.

ROACHE, J.—Indictment for an assault and battery, returned at the April term, 1850.

At the October term, 1850, the defendant moved to quash the indictment. The motion was overruled. Trial by jury. Verdict and judgment against the defendant.

*Saturday, December* 31.

*Jennings* is one of the counties in which, by the act of *January* 16, 1849, exclusive original jurisdiction in assault and battery is vested in justices of the peace.

The indictment should have been quashed. *Sprigs* v. *The State*, 2 Ind. R. 75.—*The State* v. *Lackey*, *id.* 285.— *Smith* v. *The State*, *ante*, p. 500.

*Per Curiam.*—The judgment is reversed.

*D. Kelso*, for the plaintiff.

*R. A. Riley, N. B. Taylor* and *J. Coburn*, for the state.